IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUSTIN WILLIAM NELSON, | ) | 4:11CV3198 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONS, FRED BRITTEN, | ) | |
| Warden, and KRISTEN KEEBLER, | ) | |
| Head Nurse, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 14, 2011. (Filing No. 1.) The court granted Plaintiff leave to proceed in forma pauperis and, after a lengthy extension of time, Plaintiff paid the initial partial filing fee on February 23, 2012. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on November 14, 2011, against the Nebraska Department of Correctional Services ("DCS") and two of its employees. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff is currently incarcerated at the Tecumseh State Correctional Institution, a DCS facility. (*Id.* at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that spider bit him on his right eyelid on September 8, 2011, while he slept, causing swelling and pain. (*Id.* at CM/ECF p. 13.) Plaintiff sought medical treatment the next day but Defendants told him "it was not open sick call" and they would not see him that day. (*Id.*) Plaintiff sought treatment again the following day, but Defendant Keebler told him that his eye

"looked more like an injury from a fight" than an insect bite and did not adequately treat him. (*Id.*) Plaintiff eventually received an antibiotic, but his eye got worse. Plaintiff sought emergency treatment several times, but Defendants denied him additional treatment for his eye injury. (*Id.* at CM/ECF p. 14.)

After three days of "extreme pain" and swelling with little or no medical treatment, Defendants ordered that Plaintiff be taken to the Johnson County Hospital for emergency treatment. (*Id.* at CM/ECF p. 15.) Plaintiff remained at Johnson County Hospital for several days, during which he received "I.V. medication to fight the infection" that had spread throughout his body, pain killers, and other treatment. (*Id.*) Due to Defendants' failure to timely treat his eye injury, Plaintiff suffers from vision loss, blurry vision, scarring, and other long-term effects. (*Id.*) Plaintiff seeks monetary damages in the amount of $100,000.00. (*Id.* at CM/ECF p. 17.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to

2

state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Plaintiff seeks only monetary relief against Defendants. (Filing No. 1 at CM/ECF p. 17.) However, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court

has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in his official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff does not specify the capacity in which the individual Defendants are sued. (Filing No. 1.) The court therefore presumes that the individual Defendants are sued in their official capacities only. In addition, Plaintiff seeks only monetary relief and does not seek any injunctive relief. (*Id.* at CM/ECF p. 17.) DCS is a Nebraska state agency, and the remaining Defendants are State of Nebraska employees. As set forth above, Plaintiff may not sue a state or its employees in their official capacities for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. As such, Plaintiff's Complaint must be dismissed.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.    A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 28th day of February, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.